1
2
3
4
5
6
UNITED STATES DISTRICT COURT
7
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
8
JOJO EJONGA-DEOGRACIAS,
9
                                    Plaintiff,     Case No. 3:15-cv-5784-RJB-TLF
10
        v.
11                                                 **REPORT AND RECOMMENDATION**
DEPARTMENT OF CORRECTIONS, et      **Noted for: June 9, 2017**
12   al.,
13
                                    Defendants.
14
        Before the Court is Plaintiff JoJo Ejonga-Deogracias's "motion for an order to restrain
15
defendants from retaliation." Dkt. 36. Mr. Ejonga-Deogracias seeks an order directing the
16
Department of Corrections ("DOC") and all staff at the Washington State Penitentiary ("WSP")
17
"to restrain from retaliating against him." *Id.* The undersigned recommends that the motion be
18
19
denied.
20
                                            **FACTS**
21
        Mr. Ejonga-Deogracias filed a 42 U.S.C. § 1983 civil rights action against the DOC and
22
several DOC custody officers alleging that he was wrongfully placed in segregation for one
23
week, and that he was denied appropriate medical and mental health care while he was in
24
segregation. Defendants moved to dismiss the complaint based on the DOC's Eleventh
25
26  REPORT AND RECOMMENDATION - 1

Amendment immunity and Mr. Ejonga-Deogracias's failure to state a claim for relief against the individually named defendants. Dkt. 17. In response, Mr. Ejonga-Deogracias filed a motion to amend his complaint, but failed to provide a proposed amended complaint as required by Local Rule (LCR) 15. Dkt. 19.

The Court denied the motion to amend but granted Mr. Ejonga-Deogracias 45 days to renew his motion and submit a proposed amended complaint. Dkt. 21. Instead of submitting an amended complaint, Mr. Ejonga-Deogracias filed a motion to voluntarily dismiss the individual defendants. Dkt. 23. In that motion, plaintiff also argued that the DOC was not entitled to Eleventh Amendment immunity. Dkt. 23. The Court granted Mr. Ejonga-Deogracias's motion to dismiss the individual defendants and granted the DOC's motion to dismiss under the Eleventh Amendment. Dkts. 24, 26, and 27.

Mr. Ejonga-Deogracias appealed to the United States Court of Appeals for the Ninth Circuit, which upheld the dismissal of the DOC based on Eleventh Amendment immunity, but vacated the judgment and remanded the matter "to provide Mr. Ejonga-Deogracias an opportunity to file an amended complaint naming the appropriate defendants." Dkt. 33.

## DISCUSSION

The test for determining whether the plaintiff has made a sufficient showing for the trial court to grant preliminary injunctive relief is: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Another formulation of this test is -- has the moving party made a showing of either: (1) a combination of likely success

REPORT AND RECOMMENDATION - 2

on the merits and the possibility that he/she will suffer irreparable injury; or, (2) that serious questions have been raised as to the merits of the moving party's claims and the balance of hardships tips sharply in the moving party's favor? *Lopez v. Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012). The focal point under all of these tests is the existence and degree of irreparable injury. *Oakland Tribune, Inc., v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1376 (9th Cir.1985). If the moving party has not shown irreparable harm, the request for preliminary injunctive relief may be denied on that basis alone. *See Ctr. for Food Safety v. Vilsack,* 636 F.3d 1166, 1174 (9th Cir. 2011).

"Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Oakland Tribune, Inc. v. Chronicle Pub. Co.*, *supra*; *accord Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir.1988). "Speculative injury does not constitute irreparable injury sufficient to warrant granting preliminary relief. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co*., 844 F.2d at 674 (internal citation and other cited sources omitted). "It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure § 2948, pp. 129-30 (2d ed.1995)) (emphasis added by Supreme Court).

This caution applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987) ("Prison administration is, moreover, a task that

REPORT AND RECOMMENDATION - 3

has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have … additional reason to accord deference to the appropriate prison authorities."); *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). Finally, under the Prison Litigation Reform Act ("PLRA"), Congress has expressly required that any grant of prospective relief with respect to prison conditions be narrowly drawn, extend no further than necessary, and be the least intrusive means necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001).

At the outset, the Court notes that the DOC as an entity is no longer a defendant in this case, as the Ninth Circuit affirmed its dismissal based on the Eleventh Amendment. *Ejonga-Deogracias v. Department of Corrections,* __ Fed.Appx. __, 2017 WL 1056109 (No. 16-35512)(9th Cir. 2017). In addition, this Court does not have personal jurisdiction over the WSP or any of its staff. An amended complaint has not yet been filed.[1] A federal court may issue an injunction only if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim. It may not attempt to determine the rights of persons not before the court. *Zepeda v. United States INS*, 753 F.2d 719, 727 (9th Cir. 1983).

Even if there was a defendant in this case over whom this Court had personal jurisdiction, Mr. Ejonga-Deogracias's motion is not supported by any facts or evidence.

A plaintiff seeking a preliminary injunction has the burden of demonstrating that he will be exposed to irreparable harm. *Caribbean Marine Services v. Baldrige*, *supra,* 844 F.2d at 674.

---

[1] The amended complaint is due on July 5, 2017.

REPORT AND RECOMMENDATION - 4

Speculative injury does not constitute sufficient irreparable injury; only a "strong threat of irreparable injury before trial is an adequate basis" for injunctive relief. *Id.*

Mr. Ejonga-Deogracias has not shown irreparable harm, and his request for injunctive relief should be denied on that basis alone. *See Ctr. for Food Safety v. Vilsack*, *supra,* 636 F.3d at 1174. Mr. Ejonga-Deogracias's claim that he will likely be retaliated against in the future is nothing more than speculation, which does not prove that irreparable harm is imminent. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011).

## CONCLUSION

Based on the foregoing, the Court finds that Mr. Ejonga-Deogracias is not entitled to the injunctive relief he seeks, and therefore his motion for temporary restraining order (Dkt. 36) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure ("FRCP"), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections. *See also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by FRCP 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2017,** as noted in the caption.

**DATED** this 22nd day of May, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5