UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| JOJO EJONGA DEOGRACIAS, | CASE NO. 15-5784 RJB - TLF |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| DEPARTMENT OF CORRECTIONS, LEON N. KERSHAW, CAROLEE ROOP, SUPERINTENDENT DONALD HOLBROOK, BILL HAMBY, and FOUR UNKNOWN DOC STAFF, | |
| Defendants. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 60. The Court has reviewed the Report and Recommendation, objections, if any, and the remaining file, and is fully advised.

Originally filed on October 29, 2015, Plaintiff, a pro se prisoner, filed this civil rights case alleging that Defendants Washington State Department of Corrections ("DOC"), Leon Kershaw, and Carolee Roop violated his constitutional rights when they failed to protect him from another inmate, when he was placed in administrative segregation for around seven days without being given a hearing, and when they failed to provide him adequate medical care. Dkt. 6.

In response to Defendants DOC, Kershaw and Roop's motion to dismiss, Plaintiff filed a motion for an extension of time to file a motion for leave to amend the complaint. Dkt. 19. Plaintiff was granted until March 9, 2016 to file a proposed amended complaint. Dkt. 21. Plaintiff did not do so. Instead, on March 30, 2016, Plaintiff moved to voluntarily dismiss his claims against Defendants Kershaw and Roop. Dkt. 23.

On May 17, 2016, a Report and Recommendation was issued, recommending that the Court dismiss all claims asserted against DOC because (1) states are not considered "persons" under § 1983, and (2) based on the 11th Amendment to the U.S. Constitution, as an arm of the state, the DOC was immune from suit in the federal courts. Dkt. 24. It recommended granting Plaintiff's motion to voluntarily dismiss Defendants Kershaw and Roop without prejudice. *Id.* It also recommended dismissal of the case without leave to amend to give Plaintiff a chance to name "unknown" medical personnel because he had already been given a chance to file an amended complaint and did not do so. *Id.* This Court adopted the Report and Recommendation and closed the case. Dkt. 26.

Plaintiff appealed the decision with the Ninth Circuit Court of Appeals. Dkt. 28. The Ninth Circuit affirmed this Court's decision to dismiss the complaint, but reversed the decision to deny Plaintiff another opportunity to amend his complaint. Dkts. 33 and 34. The case was remanded "to provide Ejonga-Deogracias an opportunity to file an amended complaint that names the correct defendants." Dkt. 33. This case was re-referred to a magistrate judge. Dkt. 39.

On July 5, 2017, Plaintiff filed an Amended Complaint. Dkt. 44. In his Amended Complaint, Plaintiff names Superintendent Donald Holbrook, retired DOC officer Bill Hamby, and "four unknown DOC staff," while asserting the same or similar allegations as were in the

original complaint. *Id.* As relief, Plaintiff seeks $4,500 per day that he spent in administrative segregation. *Id.*

On August 10, 2017, Plaintiff filed a pleading entitled "Notice to Court and the Attorney General of the Plaintiff [sic] Intent for Additional Defendant and Additional Claim to the Current Defendant and Amendment to Relief Sought." Dkt. 47. Construing the pleading as a motion, the Defendants opposed the motion because Plaintiff failed to comply with Local Rule W.D. Wash 15 and provide a copy of the proposed second amended complaint so that they could see the changes Plaintiff wanted. Dkt. 52. In his reply, Plaintiff stated that the pleading filed on August 10, 2017 was not intended to be a motion, but only a notice. Dkt. 57. On November 2, 2017, his "Notice to Court and the Attorney General of the Plaintiff [sic] Intent for Additional Defendant and Additional Claim to the Current Defendant and Amendment to Relief Sought" was stricken as moot and Plaintiff was reminded to follow the federal and local rules if he wanted to move to amend the amended complaint. Dkt. 59.

Meanwhile, on August 11, 2017, Defendant Holbrook filed the motion to dismiss (Dkt. 50) that is the subject of the Report and Recommendation. The relevant facts are in the Report and Recommendation (Dkt. 60, at 1-2) and are adopted here. The Report and Recommendation recommends the Court grant the motion to dismiss for the Plaintiff's failure to plead facts which would entitle him to relief. Dkt. 60, at 2-5.

Plaintiff filed objections, and argues that a plaintiff in a § 1983 action no longer need show that a supervisor, like Defendant Holbrook, personally participated in the deprivation of someone's constitutional rights to be held liable. Dkt. 61. Further, he asserts that the fact that Defendant Holbrook's subordinates did not follow DOC policy demonstrated that Defendant Holbrook failed to properly train and supervise them and so is liable under § 1983. *Id.*

# DISCUSSION

**Report and Recommendation**.  The Report and Recommendation's recommendation, that the motion to dismiss (Dkt. 50) be granted, (Dkt. 60) should be adopted.  Plaintiff's objections do not provide a basis to reject the Report and Recommendation.

A supervisor may be liable under § 1983 "only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).  Under the second theory, "supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  *Id.*

To the extent Plaintiff alleges that Defendant Superintendent Holbrook is liable in his individual capacity, as provided in the Report and Recommendation, the Plaintiff has failed to allege sufficient facts in his Amended Complaint to show that that Defendant Superintendent Holbrook personally participated in any of the constitutional deprivations that Plaintiff alleges he suffered.  Further, Plaintiff fails to allege the existence of any policy implemented by Defendant Superintendent Holbrook that was constitutionally deficient and that caused Plaintiff's injuries.  His claims against Defendant Superintendent Holbrook should be dismissed.

**Leave to Amend**.  Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Out of an abundance of caution, Plaintiff should be given one more opportunity, if he chooses to take it, to properly plead a claim against Defendant Superintendent Holbrook.  The

amended complaint, if any, should be filed by December 15, 2017.  Plaintiff is reminded that he must comply with all federal and local rules if he chooses to attempt to file another amended complaint.

**Re-Referral**.  This case should be re-referred to U.S. Magistrate Judge Theresa L. Fricke for further proceedings consistent with this opinion.

## ORDER

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 60) **IS ADOPTED** to the extent it recommends dismissal of the claims asserted against Defendant Superintendent Holbrook in the Amended Complaint;

- Plaintiff, if he chooses, may file a second amended complaint on or before **December 15, 2017**, and

- This case **IS RE-REFERRED** to U.S. Magistrate Judge Theresa L. Fricke for further proceedings consistent with this opinion.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of November, 2017.

ROBERT J. BRYAN
United States District Judge