UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO EJONGA DEOGRACIAS,<br><br>                 Plaintiff,<br>   v.<br><br>DEPARTMENT OF CORRECTIONS, LEON N. KERSHAW, CAROLEE ROOP, SUPERINTENDENT DONALD HOLBROOK, BILL HAMBY, and FOUR UNKNOWN DOC STAFF,<br><br>                 Defendants. | CASE NO. 15-5784 RJB - TLF<br><br>ORDER REGARDING NOTICE OF APPEAL |

This matter comes before the Court on the Plaintiff's Notice of Appeal. Dkt. 64. The Court has reviewed the Notice of Appeal and the remaining file, and is fully advised.

Originally filed on October 29, 2015, Plaintiff, a *pro se* prisoner, filed this civil rights case alleging that Defendants violated his constitutional rights when they failed to protect him from another inmate, when he was placed in administrative segregation for around seven days without being given a hearing, and when they failed to provide him adequate medical care. Dkt. 6.

After the case was remanded from the Ninth Circuit, on July 5, 2017, Plaintiff filed an Amended Complaint. Dkt. 44. In his Amended Complaint, Plaintiff named Superintendent Donald Holbrook, retired DOC officer Bill Hamby, and "four unknown DOC staff," while

ORDER REGARDING NOTICE OF APPEAL - 1

asserting the same or similar allegations as were in the original complaint. *Id.* As relief, Plaintiff seeks $4,500 per day that he spent in administrative segregation. *Id.*

On August 11, 2017, Defendant Holbrook filed a motion to dismiss (Dkt. 50) that was the subject of a Report and Recommendation (Dkt. 60). The relevant facts are in the Report and Recommendation (Dkt. 60, at 1-2) and are adopted here. The Report and Recommendation recommended the Court grant the motion to dismiss for the Plaintiff's failure to plead facts which would entitle him to relief against Defendant Holbrook only. Dkt. 60, at 2-5. The Report and Recommendation was adopted. Dkt. 62. Plaintiff was granted leave to amend his complaint, and the case was referred back to the magistrate judge. *Id.*

On December 6, 2017, Plaintiff filed the Notice of Appeal with the Ninth Circuit Court of Appeals regarding the dismissal of Defendant Holbrook. Dkt. 64.

## **DISCUSSION**

**Notice of Appeal.** Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007).

The Court is not divested of jurisdiction here. Dismissal of some, but not all, of the defendants is a non-appealable interlocutory order. *Nascimento,* at 908*; see also Wynn v. Reconstruction Fin. Corp.*, 212 F.2d 953, 956 (9th Cir. 1954)(noting that partial summary judgment order is non-appealable prior to entry of final judgment and should be considered

1  "interlocutory summary adjudication"). A final judgment has not been entered. Despite the
2  Notice of Appeal, this Court still has jurisdiction over the case.
3  **Referral**. This case remains referred to U.S. Magistrate Judge Theresa L. Fricke for
4  further proceedings.
5  **IT IS SO ORDERED**.
6  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to
7  any party appearing pro se at said party's last known address.
8  Dated this 26th day of December, 2017.

*[signature]*

ROBERT J. BRYAN
United States District Judge