UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOJO EJONGA-DEOGRACIAS,

                Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, ET. AL.,

                Defendants.

Case No. C15-5784-RJB-TLF

ORDER GRANTING EXTENSION, DENYING MOTION TO APPOINT COUNSEL, AND DENYING MOTION TO STAY AS MOOT

       The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Theresa L. Fricke. Currently before the Court is plaintiff's "Motion for Extension of Time to File 2nd Amended Complaint" (Dkt. 63), "Motion for Appointment of Counsel" (Dkt. 65), and "Motion to Stay While Appeal is Pending in Ninth Circuit Court of Appeals" (Dkt. 71).

       On August 11, 2017, defendant Donald Holbrook filed a Motion to Dismiss plaintiff's complaint as against him. Dkt. 50. On November 2, 2017, the undersigned issued a Report and Recommendation recommending dismissal of plaintiff's complaint as against defendant Holbrook. Dkt. 60. On November 27, 2017, District Judge Robert J. Bryan issued an order adopting the Report and Recommendation to the extent that it recommended dismissal of the claims asserted against defendant Holbrook but provided that plaintiff, if he chooses, may file a second amended complaint on or before December 15, 2017. Dkt. 62. On December 6, 2017, plaintiff filed a Notice of Appeal of Judge Bryan's order (Dkt. 64), a "Motion for Extension of Time to File 2nd Amended Complaint," (Dkt. 63) and a "Motion for Appointment of Counsel"

ORDER GRANTING EXTENSION, DENYING MOTION
TO APPOINT COUNSEL, AND DENYING MOTION TO
STAY AS MOOT - 1

1 (Dkt. 65). On January 8, 2018, plaintiff filed a "Motion to Stay While Appeal is Pending in Ninth Circuit Court of Appeals." Dkt. 71. The Court will address each motion in turn.

I. Motion to Appoint Counsel

Plaintiff moves for an order appointing counsel. Dkt. 65. Plaintiff states that he is unable to afford counsel and due to the complexity and number of defendants named in the suit he has a limited ability to identify the liable defendants' names and addresses. *Id.* Plaintiff asserts that counsel will be able to identify specific persons or people liable and the level of liability which will require further investigation. *Id.* He further indicates that he believes medical expert testimony will be necessary to testify to the effects of his alleged injuries and mental health history and that cross-examination of witnesses may be required, and that counsel will be able to distinguish the "issue of question and how it applie [sic] to each defendant." *Id.*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved, and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of*

*America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although a *pro se* litigant may be better served with the assistance of counsel, being better served by a lawyer as opposed to being a *pro se* litigant is not the legal criteria. *See Wilborn*, 789 F.2d at 1331; *Rand*, 113 F.3d at 1525.

The Court finds that plaintiff's alleged reasons do not constitute exceptional circumstances that warrant appointment of counsel. Plaintiff's pleadings appear to demonstrate an adequate ability to articulate his claims *pro se*. Although plaintiff asserts the issues in this case are "complex", he has not demonstrated as such but, rather, his complaint appears to articulate relatively straight-forward claims of alleged Due Process and Eighth Amendment violations. Plaintiff claims he requires counsel to assist him in identifying and locating various defendants. However, plaintiff makes no effort to explain what efforts, if any, he has made to identify or locate the individuals he names or seeks to name as defendants. The fact that plaintiff believes prosecution of this case would be easier with the assistance of counsel does not establish an exceptional circumstance that would justify appointing counsel in this case. *See Wilborn*, 789 F.2d at 1331. Furthermore, plaintiff has also not shown a likelihood of success on the merits. *Id.*

Accordingly, plaintiff's Motion for Appointment of Counsel (Dkt. 5) is denied.

II.  Motion for Extension of Time

Plaintiff states he needs additional time to conduct research and requests an extension of 60 days. *Id*. Defendant does not oppose the extension. Dkt. 68. Accordingly, plaintiff's motion is granted to the extent that he may have until **April 9, 2018**, to file a second amended complaint.

However, the Court also notes that defendant Bill Hamby has not yet been served in this case and that the Attorney General's Office has notified the Court that Mr. Hamby has retired and no longer works for the Department of Corrections or the State of Washington. Dkt. 48. Accordingly, to the extent plaintiff includes Bill Hamby as a defendant in his second amended

complaint, he is directed to provide the Court with a last known address for Mr. Hamby so that service may be properly effected.

III. Motion to Stay While Appeal is Pending

Plaintiff moves to stay all proceedings while his appeal of Judge Bryan's order is pending. Dkt. 71. Plaintiff requests that all proceedings be stayed pending a decision on his appeal. *Id.* On January 24, 2018, the Court of Appeals issued an order dismissing plaintiff's appeal for lack of jurisdiction, because the trial court's order dismissing plaintiff's complaint (Dkt. 62) was not final or appealable. Dkt. 73. In light of the Court of Appeals Order dismissing plaintiff's appeal, there is no appeal currently pending. Mr. Ejonga-Deogracias' motion to stay (Dkt. 71) is therefore denied as moot.

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion for Appointment of Counsel (Dkt. 65) is **DENIED**.

(2) Plaintiff's Motion for Extension of Time (Dkt. 63) is **GRANTED**. Plaintiff may have until **April 9, 2018**, to file a second amended complaint. To the extent plaintiff includes Bill Hamby as a defendant in his second amended complaint, he is directed to provide the Court with a last known address for Mr. Hamby.

(3) Plaintiff's Motion to Stay While Appeal is Pending (Dkt. 71) is **DENIED** as moot.

Dated this 7th day of February, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING EXTENSION, DENYING MOTION
TO APPOINT COUNSEL, AND DENYING MOTION TO
STAY AS MOOT - 4