UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOJO EJONGA-DEOGRACIAS,<br><br>   Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS ET. AL.,<br><br>   Defendants. | Case No. C15-5784-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 23, 2018 |

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge Theresa L. Fricke. Currently before the Court is plaintiff's "Motion for Default and Judgment against Sargent [sic] Bill Hamby." Dkt. 57. The Court has considered plaintiff's Motion and recommends the Motion be denied.

On July 5, 2017, plaintiff filed an Amended Complaint naming defendants Donald Holbrook, Bill Hamby, and "4 unknown DOC Staff." Dkt. 44. On July 6, 2017, the undersigned issued an Order Directing Service of the Amended Civil Rights Complaint. Dkt. 45. Defendant Holbrook waived service and moved for dismissal from the action.[1] Dkt. 46; Dk. 50. On August 10, 2017, counsel for defendant Holbrook, the Washington State Attorney General's Office (AGO), filed a notice "pursuant to General Order No. 06-16 dated May 20, 2016 and Exhibit 1,

---

[1] Defendant Holbrook's Motion to Dismiss was subsequently granted on the grounds that plaintiff failed to allege sufficient facts in his Amended Complaint to show defendant Holbrook personally participated in any of the constitutional deprivations plaintiff alleged. Dkt. 62. However, plaintiff was afforded one more opportunity to file a second amended complaint and properly plead a claim against defendant Holbrook. *Id.*

REPORT AND RECOMMENDATION - 1

1  attached thereto" that it had determined defendant Bill Hamby had retired and no longer works
2  for the Department of Corrections (DOC) or the State of Washington. Dkt. 48. As such, counsel
3  indicated that General Order No. 06-16 ("Prisoner Electronic Filing Initiative") did not apply to
4  defendant Hamby and the AGO was not obligated to accept service on behalf of or distribute
5  service to defendant Hamby. *Id.* Plaintiff objected to the notice and, on October 24, 2017, filed
6  the instant Motion for Default Judgment against Sargent [sic] Bill Hamby." Dkt. 57.

7    In support of his Motion, plaintiff argues that Mr. Hamby is being sued for his conduct
8  while employed by the Department of Corrections (DOC) and, as such, the "attorney general was
9  the appropriate person to respond to this claim unless waived by the defendant himself." Dkt. 57,
10 at 3. Defendant Holbrook filed a response to plaintiff's Motion opposing it on the grounds that
11 defendant Hamby has not been properly served and the AGO is not responsible for distributing
12 service-related documents to individuals who are not "current state employees." Dkt. 58.

13   General Order No. 06-16, including Exhibit 1 attached thereto[2], make clear that, pursuant
14 to the Order, the AGO agrees to accept delivery of service documents by email and to distribute
15 service related documents only to "current employees." The Order further provides that "[i]f the
16 AGO determines a defendant does not work or no longer works for the State of Washington, or is
17 unable to determine the identity of any defendant, or the defendant declines to waive service, the
18 AGO will promptly file a notice to that effect with the Court, and service on those individuals
19 will occur by further direction of the Court." Here, the AGO complied with the Order by

---

[2] Exhibit 1 is entitled "Prisoner E-Filing Initiative: Consent to Receive Electronic Notice and Authorization Delivery of Service Documents via Email" and its terms are incorporated by reference into General Order No. 06-16.

NOTING DATE: FEBRUARY 23, 2018 - 2

1  notifying the Court that defendant Hamby was no longer employed by the DOC or the State of

2  Washington.³

3        "When a party against whom a judgment for affirmative relief is sought has failed to

4  plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

5  enter the party's default." Fed. R. Civ. P. 55(a). However, where the party seeking default

6  judgment has not shown that the defendant has been provided with adequate notice of an action,

7  "it is inappropriate to conclude that the defendant 'has failed to plead or otherwise defend' "

8  under Fed. R. Civ.P. 55(a). *Downing v. Wanchek,* No.2009 WL 256502, at *3 (E.D.Cal. Jan. 30,

9  2009). "A federal court does not have jurisdiction over a defendant unless the defendant has been

10 served properly." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685,

11 688 (9th Cir.1988). Here, plaintiff's Motion for Default Judgment against defendant Hamby is

12 deficient because plaintiff has not established that defendant Hamby has been properly served.

13 Accordingly, the plaintiff's motion should be denied.

14       For the foregoing reasons, the Court recommends plaintiff's motion requesting default

15 judgment against defendant Hamby (Dkt. 57) be denied. Pursuant to 28 U.S.C. § 636(b)(1) and

16 Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file

17 written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of

18 those objections for purposes of *de novo* review by the District Judge. *See* 28 U.S.C. §

19 636(b)(1)(C). The Clerk is directed to set the matter as ready for the District Judge's consideration

20 on **February 23, 2018**, as noted in the caption, if no objection is filed. If objections are filed, any

---

[3] The Court notes that docket entries 67 and 68 filed by the AGO appear to have been mistakenly denominated in the Court's docket as "Response by Defendant Bill Hamby", instead of by defendant Holbrook. The documents themselves do not indicate they are responses on behalf of Mr. Hamby nor has the AGO entered a Notice of Appearance on Mr. Hamby's behalf. Rather, as discussed above, the AGO has specifically notified the Court that, because Mr. Hamby is no longer an employee, it is not obligated to accept service on behalf of or distribute service to Mr. Hamby.

NOTING DATE: FEBRUARY 23, 2018 - 3

1  response is due within 14 days after being served with the objections. A party filing an objection
2  must note the matter for the Court's consideration 14 days from the date the objection is filed
3  and served. The matter will then be ready for the Court's consideration on the date the response
4  is due. The failure to timely object may affect the right to appeal.
5       Dated this 7th day of February, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: FEBRUARY 23, 2018 - 4